PATTERSON, Judge.
The state appeals from the trial court’s order which dismisses an information against the appellees, Billy T. Phillips and Tommy Rex Priest, on the basis of prosecutorial vindictiveness. We reverse.
*19 On May 22, 1992, Phillips and Priest were charged in a single information with organized fraud and ten counts of commercial bribe receiving. The charges emanated from Phillips’ and Priest’s employment with CSX Transportation. In response, Phillips’ attorney scheduled a meeting on May 27, 1992, to discuss the case with the executive assistant state attorney of the Thirteenth Judicial Circuit. Upon her arrival, she was presented with a letter from the assistant state attorney, which states in pertinent part:
A grand jury emergency has taken me across the street for awhile. If you can wait until about 10:30 a.m., I’ll be back. If not, you should know the following: I expect a negotiated plea at arraignment. At present your client faces a guideline sentence of five (5) years. I would expect a plea to 4½ years Florida State Prison and some sort of fine or restitution. I can file at least eighteen (18) more counts of commercial bribery and a racketeering charge. This would increase the sentence recommended under the guidelines to at least fifteen (15) years.
It is asserted that this letter was intended to apply to Priest as well. The prosecution and the defense had no further communications. The appellees entered pleas of not guilty and a pre-trial conference was scheduled.
On August 14,1992, the state filed a supersedes information charging one count of organized fraud and thirty-one counts of commercial bribe receiving. On October 9,1992, the state filed a second supersedes information, adding one count of racketeering, for a total of thirty-three counts. The executive assistant state attorney who had authored the above-quoted letter signed the original information and the second supersedes information. It is not contested that at the time the original information was filed, the state knew the facts supporting the additional charges contained in the first and second supersedes informations. The appellees filed identical motions to dismiss the information based on “prosecutorial vindictiveness premised on the filing of additional charges.”
The United States Supreme Court has established two standards of proof of prosecutorial vindictiveness. Under the first standard, a defendant may prove by objective evidence that a prosecutor has acted with “actual vindictiveness” to punish him for exercising his constitutional rights. United States v. Goodwin, 457 U.S. 368, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982). Under the second standard, a defendant may present proof which establishes a presumption that there is a realistic likelihood of vindictiveness. Once this presumption is established, the burden of proof shifts to the state to overcome the presumption with objective evidence justifying the prosecutorial action. See Blackledge v. Perry, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974).
In this ease, the trial court proceeded under the second option. After an evidentia-ry hearing, the court determined that a presumption of vindictiveness was established and that the state’s evidence failed to overcome that presumption. This ruling was in error for two reasons. First, the record fails to establish a presumption of vindictiveness. The criminal justice system is punitive by its very nature. It is the state attorney’s duty, when probable cause exists, to fully prosecute those engaged in criminal activity. It is likewise within the state attorney’s discretion to prosecute less than fully when, in his determination, the ends of justice will be served. It is not the role of the courts to second-guess that decision-making process. As expressed by the United States Supreme Court: “For just as a prosecutor may forgo legitimate charges already brought in an effort to save the time and expense of trial, a prosecutor may file additional charges if an initial expectation that a defendant would plead guilty to lesser charges proves unfounded.” United States v. Goodwin, 457 U.S. at 378, 102 S.Ct. at 2492, 73 L.Ed.2d at 85 (1982). That is exactly what occurred in this case. The executive assistant state attorney’s letter clearly expressed an intent to settle for less than a full loaf in return for an early plea and a guidelines sentence. The consequences of refusing to accept that offer were also succinctly stated and within the prosecutor’s discretion to pursue. Faced with these circumstances, the appellees made no overtures to the state in furtherance of a different plea negotiation and the prosecutor *20 lived up to his word. The appellees should have expected nothing more or less.
Finally, if we were to defer to the trial court that a likelihood of vindictiveness was present, the evidence offered by the state in rebuttal overwhelmingly overcame any such presumption. Ronald Taylor, a CSX investigator, testified that it was CSX’s policy to prosecute employees for criminal breach of fiduciary duty. The executive assistant state attorney, by affidavit, stated that the intent of his letter was to save time and money. The assistant state attorney directly responsible for the case explained that the second supersedes information, which added the racketeering count, was necessitated because she had overlooked that charge in preparing the first supersedes information. Nowhere in the record is there any indication that this case did not follow the normal operating procedures of the state attorney’s office.
We reverse the trial court’s order, reinstate the information, and remand for trial.
Reversed and remanded.
DANAHY, A.C.J., and ALTENBERND, J., concur.